UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21315-Civ-COOKE

DUETSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
for Long Beach Mortgage Trust
2006-2,

     Plaintiff,

vs.

NIRVA D. PHILIAS, et al.,

     Defendants.
_____/

## ORDER REMANDING AND CLOSING CASE

Defendant Nirva D. Philias ("Ms. Philias"), proceeding *pro se*, filed her Notice of Removal (ECF No. 1) on April 6, 2015, removing this action from the Circuit Court of the Eleventh Judicial Circuit of Florida. Ms. Philias seeks to remove this state court action to federal court under both diversity and federal question jurisdiction. More specifically, she alleges claims under the Fair Debt Collection Practices Act ("FDCPA") as a "cross-complaint" to Plaintiff's foreclosure action in state court. *See generally* Notice of Removal, ECF No. 1. After a review of the Notice of Removal, the record, relevant legal authorities, and for the reasons discussed herein, I find that this Court lacks subject matter jurisdiction over this action. Therefore, the matter is remanded.

### I. DISCUSSION

Before addressing the merits of a case, a court must first determine whether subject matter jurisdiction exists. *See Wernick v. Matthews*, 524 F.2d 543, 545 (5th Cir. 1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits. If we lack jurisdiction, it is our duty to notice that fact sua sponte.");[1] *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Subject matter jurisdiction

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981 are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

"involves the court's competency to consider a given type of case," so it "cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).

Under the *Rooker-Feldman* doctrine, a federal district court generally lacks jurisdiction to review final judgments of a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The doctrine bars claims "that were actually raised in the state court and those 'inextricably intertwined' with that state judgment." *Figueroa v. MERSCORP, Inc.*, 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011) (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam), *aff'd*, 477 F. App'x 558 (11th Cir. 2012) (per curiam).  "A claim is inextricably intertwined if it would effectively nullify the state court judgment or [if] it succeeds only to the extent that the state court wrongly decided the issues."  *Casale*, 558 F.3d at 1260 (citations and internal quotation marks omitted).

Here, Ms. Philias attaches documents to her Notice of Removal indicating that the Circuit Court of the Eleventh Judicial Circuit has already rendered final judgment in the state court foreclosure action.  A review of the state court docket reveals that a mortgage foreclosure sale is currently scheduled for June 24, 2015.  In removing this action federal court, Ms. Philias is essentially attempting to challenge the validity of the state court foreclosure process, and her claims (if successful) would effectively nullify the state court's foreclosure judgment, or would indicate that the state court wrongly entered that judgment.  The present claims are, therefore, inextricably intertwined with the state court judgment, and this Court lacks jurisdiction to consider them.

## II. CONCLUSION

Having determined that this Court lacks subject matter jurisdiction to hear Plaintiff's claims, it is **ORDERED and ADJUDGED** that this case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit of Florida.  The Clerk shall **CLOSE** this case.  All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 15th day of May 2015.

Marcia G. Cooke
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*
*Oliva Rodriguez, pro se*